23-8109
Azucena-Landaverde v. Blanche

BIA
Reid, IJ
A220 788 061/079/081

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-six.

PRESENT:
  **ROBERT D. SACK,**
  **RICHARD J. SULLIVAN,**
  **EUNICE C. LEE,**
   *Circuit Judges.*
_____

**WILBER AZUCENA-LANDAVERDE,**
**W.A.-T., B.A.-T.,**
 *Petitioners,*

  **v.**          **23-8109**
                **NAC**

**TODD BLANCHE, UNITED STATES**
**ATTORNEY GENERAL,**
 *Respondent.*\*
_____

  \* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

**FOR PETITIONERS:**     Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kathryn McKinney, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Wilber Azucena-Landaverde and his two minor children, natives and citizens of El Salvador, seek review of a December 6, 2023, decision of the BIA affirming a September 19, 2022, decision of an Immigration Judge ("IJ") denying Azucena-Landaverde's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Azucena-Landaverde*, Nos. A 220 788 061/079/081 (B.I.A. Dec. 6, 2023), *aff'g* Nos. A 220 788 061/079/081 (Immigr. Ct. N.Y.C. Sep. 19, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, considering

---

[1] We principally refer to Azucena-Landaverde because his children did not file independent applications.

2

only the BIA's waiver findings, and not the state-action finding for asylum and withholding of removal that the BIA did not address. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (when the BIA deems an issue waived, our review is limited to whether the waiver finding was correct). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**A.      Asylum and Withholding of Removal**

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that "one central reason" standard also applies to withholding of removal). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.

3

2005). To prevail on a particular social group claim, an applicant must also establish that the proposed group is cognizable, meaning that its members share "a common immutable characteristic," the group is "defined with particularity," and it is "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

Before the IJ, Azucena-Landaverde asserted persecution on account of an actual or imputed political opinion and membership in a particular social group of people who oppose gangs. The IJ found that the proposed group was not cognizable, and that Azucena-Landaverde did not establish the required nexus to that group or political opinion. The BIA deemed these issues waived because Azucena-Landaverde did not address them in his brief to the BIA. Because Azucena-Landaverde challenges neither the BIA's waiver finding nor the IJ's underlying cognizability and nexus determinations here, these issues are abandoned and unexhausted. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an

4

appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Instead, Azucena-Landaverde now argues that the BIA erred in declining to consider a claim premised on membership in a particular social group of family members of his gang-member cousin. An applicant seeking asylum or withholding of removal based on membership in a particular social group "must clearly indicate on the record before the [IJ] . . . the exact delineation of any proposed particular social group(s)." *Matter of W–Y–C– & H–O–B–*, 27 I. & N. Dec. 189, 190–91 (B.I.A. 2018). Moreover, the BIA generally will not address a particular social group that was not advanced before the IJ. *Id.* at 191–92; *see also Prabhudial*, 780 F.3d at 555 ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ."). Azucena-Landaverde and his attorney did not articulate a family-based group when the IJ asked for the basis of his claim at his hearing. His testimony that the gang was interested in him because his cousin was a member (and counsel's allusion to his relationship with a gang member during closing arguments) was insufficient to put the IJ on notice that he was asserting a family-based particular social group claim, particularly as he also testified that the gang wanted to recruit many people, and he alleged that his co-worker (apparently not a family member) was targeted in the same way at

5

the same time, while not alleging that his three brothers still in El Salvador had suffered similar harm.[2]

Because failure to establish a nexus to a protected ground is dispositive of asylum and withholding of removal, we do not decide whether the BIA erred in finding other grounds for the denial of these forms of relief waived, including the IJ's finding that the past harm did not rise to the level of persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**B.  CAT**

An applicant for CAT relief has the burden to demonstrate that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The agency considers all evidence relevant to the likelihood of torture, including the

---

[2] Azucena-Landaverde appears to argue that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), provides grounds to require the BIA to consider the family-based group; but *Loper Bright* concerns the interpretation of ambiguous statutes, and it is not clear what statute Azucena-Landaverde is asking us to interpret.

applicant's ability to avoid torture by relocating within the country of removal. *Id.* § 1208.16(c)(3).

The BIA found Azucena-Landaverde's CAT claim waived, and he does not appear to challenge that determination here. To the extent he challenges the waiver finding indirectly by arguing that the BIA erred in deeming waived the IJ's internal relocation finding—which was one ground for the IJ's determination that he did not meet his burden for CAT—his argument fails. He asserts that this issue was not waived because he argued to the BIA the related issue of whether the government of El Salvador was unable or unwilling to protect him. But these issues are not identical, *i.e.*, if the danger requiring protection was not nationwide, a person could avoid torture by relocating within a country even if the government's unwillingness or inability to help was nationwide. His brief to the BIA also contained a conclusory statement that "evidence establishes that internal relocation is not possible," but he did not specify what evidence or cite the record or caselaw. Certified Admin. Record at 21. The BIA appropriately considered that statement insufficient to raise an issue for review: as we have held with respect to briefing in this Court, "claims not adequately presented in an appellant's brief" are deemed abandoned, "and an appellant's failure to make legal or factual

arguments constitutes abandonment."[3] *Debique*, 58 F.4th at 684 (quotation marks omitted); *see Yueqing Zhang*, 426 F.3d at 545 n.7 (deeming claim abandoned and declining to address it where brief "devote[d] only a single conclusory sentence to the argument").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[3] In addition to abandoning dispositive issues and attempting to raise unexhausted issues, we note that the petitioners' brief does not fully comply with Federal Rule of Appellate Procedure 28 because it contains conclusory arguments without adequate record citations. *See* Fed. R. App. P. 28(a). For example, counsel—who also represented the petitioners before the agency—argues that the BIA "erred when it stated that [the appellate] brief failed to challenge the IJ's determination regarding the level of past harm" because the brief "clearly argued that there is . . . past persecution." Petitioners' Br. at 8. But counsel provides no record citation in support of that conclusion, and our review of the record confirms that the brief to the BIA contained no argument why Azucena-Landaverde's past harm rose to the level of persecution. *See* Certified Admin. Record at 6–8; *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)). Counsel is cautioned that future briefing deficiencies may result in dismissal without consideration of the merits and in disciplinary proceedings.